IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2015

**ERIC BERNARD HOWARD v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Hickman County**
**No. 2015CV1     Deanna B. Johnson, Judge**

_____

**No. M2015-00603-CCA-R3-HC – Filed December 4, 2015**

_____

Petitioner, Eric Bernard Howard, appeals from the trial court's dismissal of his *pro se* petition for writ of habeas corpus in which he alleged various constitutional violations concerning his convictions and seventeen-year sentence for two counts of aggravated robbery. On appeal, Petitioner argues that the trial court erred by summarily dismissing his petition without a hearing and that his convictions are void because of his diminished mental capacity at the time of the offenses. After a thorough review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Eric Bernard Howard, Only, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; and Kim R. Helper, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background**

Petitioner was convicted by a Davidson County Jury of two counts of aggravated robbery. He received consecutive sentences of seventeen years as a Range II offender for each conviction. This court affirmed the convictions on appeal. The following facts were recited by this court on direct appeal from Petitioner's convictions:

1

Jianwei Cao testified that while he was walking to his office on the Vanderbilt University campus at 10:00 a.m. on August 15, 1995, he was approached by Appellant. When Appellant asked Cao where the admissions office was located, Cao stated that he would show him the way. Shortly thereafter, Cao and Appellant entered a narrow path between two buildings. Appellant then made a motion with his hand and said "Give me your wallet ... There is a gun ... I show you." Although Cao did not actually see a gun, he looked at where Appellant had indicated he had a gun and saw "something pop out," or "bump [ ] up." Cao then gave Appellant his watch, his card case, and twelve dollars in cash from his pocket. Cao subsequently followed Appellant for a short distance and asked Appellant to return his card case because Cao was afraid that Appellant would look at his identification and learn his name and address. Appellant returned the card case, but he kept the watch and the cash.

Hoseung Lee testified that while he was walking to his office on the Vanderbilt University campus at approximately 10:15 a.m. on August 15, 1995, Appellant approached him and asked for directions to the admissions office. When Lee pretended that he did not understand English, Appellant said "Give me the money" and pulled up his shirt so that Lee could see the gun that was tucked in his waistband. Lee then gave Appellant his wallet and three dollars. Appellant looked through the wallet and gave it back to Lee.

Lee testified that after Appellant left, Lee ran to his office and contacted security. Approximately fifteen minutes later, Lee went to the security office and identified Appellant as the person who had robbed him.

Jennifer West testified that while she was working as a security officer for Vanderbilt University at 10:20 a.m. on August 15, 1995, she received a report of an armed robbery. Shortly thereafter, West saw Appellant and noticed that he matched the description of the suspect. West and Officer Robert Young then approached Appellant and informed him that he matched the description of a suspect in an armed robbery.

2

West testified that Appellant was fairly calm at first, but he appeared to become nervous when the officers questioned him. Officer Young frisked Appellant for weapons and discovered that Appellant had a gun tucked in his waistband. The gun had the appearance of a nine millimeter handgun, but the officers subsequently determined that it was a BB gun. West testified that Appellant did not appear to be intoxicated or high on any drugs. Officer Robert Young also testified that Appellant did not appear to be intoxicated or high on drugs.

Detective Larry Reese of the Vanderbilt University Police Department testified that when Appellant was taken into custody, he initially provided the officers with a false name. However, Appellant subsequently gave his correct name and apologized to the officers for being untruthful. Reese subsequently observed Appellant for two to four hours, and it did not appear that Appellant was under the influence of alcohol or drugs.

Detective Harold Haney of the Metropolitan Nashville Police Department testified that he interviewed Appellant on August 15, 1995, and the interview was recorded on videotape. Haney also testified that before the interview, he informed Appellant of his constitutional rights, and Appellant signed a waiver of rights form. At this point, the videotape of Appellant's statement was played for the jury.[1]

Haney testified that during the interview, Appellant did not appear to have been under the influence of drugs and did not indicate that he was under the influence of alcohol or drugs.

*State v. Eric Bernard Howard*, No. 01C01-9805-CR-00198, 1999 WL 701413, at \*1-2 (Tenn. Crim. App. Sept. 10, 1999).

Petitioner filed a subsequent petition for post-conviction relief alleging ineffective assistance of counsel. The trial court denied Petitioner's request for post-conviction relief, and this court affirmed the trial court's decision. *Eric Bernard Howard v. State of Tennessee*, No. M2001-00405-CCA-R3-PC, 2001 WL 1379875 (Tenn. Crim. App. Oct. 24, 2001).

On January 5, 2015, Petitioner filed a petition for writ of habeas corpus alleging the following grounds for relief: (1) that he was denied access to the court and equal protection of the law in violation of the First Amendment; (2) that he was the victim of a

3

wrongful taking of his person in violation of his Fourth Amendment right against search and seizure; (3) that his Fifth Amendment right against self-incrimination and due process were violated; (4) that he was incompetent to stand trial; (5) that his Sixth Amendment right to effective assistance of counsel and to compulsory process were denied; and (6) that his right to be free from cruel and unusual punishment was violated. The trial court summarily dismissed the petition.

Thereafter, Petitioner filed a "Motion for Writ of Error Coram Nobis" which discussed various aspects of the United States Constitution. The motion was also denied by the trial court.

**Analysis**

The right to habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. *Summers,* 212 S.W.3d at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Id*. at 256; *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *Dykes,* 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The determination of whether habeas corpus relief should be granted is a question of law. *Summers*, 212 S.W.3d at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is *de novo* with no presumption of correctness given to the findings and conclusions of the lower court. *Summers*, 212 S.W.3d at 255; *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006).

Initially, we point out that on page 6 of Petitioner's habeas petition, he asserts that this is his second "application of Petition for Writ of Habeas Corpus Relief." That

section also contains the following: "*If applicable*, Petitioner has attached all previous habeas petition(s). <u>*If applicable*, Petitioner contends that he is unable to</u> attach a copy or copies of previous habeas petition(s) because he no longer has a copy or copies of his previous petition(s)." (emphasis in original). It appears from the petition that a portion of the second sentence is underlined indicating that Petitioner is unable to attach a copy of his previous habeas corpus petition to the current petition as required. However, the reason for not attaching the copy is not clear because the remainder of the sentence is not underlined. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. The formal requirements for an application or petition for writ of habeas corpus are found at T.C.A. § 29-21-107:

> (a) Application for the writ shall be made by petition, signed by either the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
>> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and if unknown, describing the person with as much particularity as practicable;
>>
>> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>>
>> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>>
>> (4) **That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings there shall be produced, or satisfactory reasons should be given for the failure to do so.**

T.C.A. § 29-21-107. (emphasis added). Petitioner failed to attach his prior petition to the present one, and he did not give a satisfactory reason for his failure to do so. As such,

5

summary dismissal of the petition is justified for Petitioner's failure to meet the mandatory procedural requirements.

In any event, on appeal Petitioner recites various legal principles and asserts that the trial court erred by failing to grant his petition for writ of habeas corpus because of Petitioner's mental and physical disabilities at the time of the offenses. However, Petitioner has not presented an issue that is appropriate for habeas corpus relief. Petitioner has not alleged that the judgment of conviction is void on its face or that he is serving an expired sentence.

It is obvious that nothing in the record indicates that Petitioner's convictions or sentence is void. The habeas corpus trial court may summarily dismiss a habeas corpus petition without an evidentiary hearing if there is nothing on the face of the record or judgment to indicate that the conviction or sentence are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); *see also* Tenn. Code Ann. § 29-21-109 (2010 Repl.). Petitioner is not entitled to relief on appeal.

Additionally, we also note that Petitioner is not entitled to have his petition treated as a petition for writ of error coram nobis. The filing of such petitions "may be had within (1) year after the judgment becomes final. . ." T.C.A. § 27-7-103; *see State v. Mixon*, 983 S.W.2d 661, 671 (Tenn. 1999). The petition if treated as one for a writ of error coram nobis was filed long after the one-year statutory limitations period had expired, and Petitioner has not alleged anything that would toll the limitations period. The judgment of the habeas corpus trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE